UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
LOCATION: CENTRAL ISLIP
-----------------------------------------------------------X
In re:                                                                                      Chapter 7

CLEMENTE M. D'ALESSIO and                                        Case No: 808-72819-reg
RITA L. D'ALESSIO,

                                        Debtors.
-----------------------------------------------------------X
ROBERT L. PRYOR, the Chapter 7 Trustee
of the Bankruptcy Estate of CLEMENTE M. D'ALESSIO
and RITA L. D'ALESSIO,

                    Plaintiff,                                              Adv. Pro. No.: 10-08187-reg

        -against -

CLEMENTE M. D'ALESSIO, NEIL BOYLE, HORIZON
BUS CO., INC. and HORIZON COACH INC.,

                    Defendants.
------------------------------------------------------------------------X

## **AMENDED COMPLAINT**

    Plaintiff, Robert L Pryor, the Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of CLEMENTE M. D'ALESSIO ("D'Alessio") and RITA L. D'ALESSIO (collectively the "Debtors"), by and through his attorneys Pryor & Mandelup, L.L.P., as and for his Complaint against the defendants, CLEMENTE M. D'ALESSIO, NEIL BOYLE, HORIZON BUS CO., INC. and HORIZON COACH INC., ( the "Defendants") respectfully represents as follows:

## **PARTIES AND JURISDICTION**

    1.    This is an adversary proceeding commenced pursuant to, 11 U.S.C. §§ 105, 541 542, 544(b) and 550(a)(1), New York Debtor Creditor Law §§ 273, 274, 275, 276, 276-a, general common law and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. Jurisdiction of this matter is conferred upon this Court under 28 U.S.C. §157(b)(2)(A), (B), (H) and (O), and 28 U.S.C. §1334.

3. Venue is properly placed in this court under 28 U.S.C.§1409.

4. This is a core proceeding as said term is defined in 28 U.S.C. §157(b)(2) as it relates directly to this Chapter 7 case, pending in this District under case number 8-08-72819-reg. To the extent that it is determined that this matter or any claim asserted herein is non-core, then notwithstanding, Plaintiff consents to the entry of final orders or judgments by the United States Bankruptcy Court.

5. Plaintiff Robert L. Pryor, is the duly appointed Trustee in the captioned case with offices located at 675 Old Country Road, Westbury, New York.

6. Defendant Neil Boyle ("Boyle") is a resident of the State of New York, residing at 230 Frowein Road, Center Moriches, N.Y. 11934.

7. Upon information and belief, at all times hereinafter mentioned Horizon Bus Co. Inc. ("Horizon Bus") was, and still is, a corporation organized under the laws of the State of New York, with its principal place of business located at 991 Station Road, Bellport, New York 11713.

8. Upon information and belief, Horizon Coach Tours, Inc. d/b/a Horizon Coach, Inc. ("Horizon Coach") is a New York corporation formerly doing business from 991 Station Road, Bellport, New York 11713.

9. Defendant Clemente D'Alessio is the Debtor herein.

## BACKGROUND

10. On May 29, 2008, the Debtors filed a voluntary petition for relief from their creditors, under Chapter 7 of the Bankruptcy Code.

11. Neil H. Ackerman was appointed as Chapter 7 Trustee. However, due to a conflict, Mr. Ackerman tendered his resignation and Robert L Pryor was appointed as successor Trustee in his place and stead.

12. The first meeting of creditors, in accordance with Section 341(a) of the Bankruptcy Code, was held on July 25, 2008, at which time Robert L. Pryor qualified as permanent trustee.

13. Prior to the bankruptcy filing, the D'Alessio was the 100% owner of Horizon Coach, which he had formed in 1987.

14. Horizon Coach, as of the Date of the Transfer set forth herein, was insolvent.

15. Neil Boyle, a friend of D'Alessio, started his own business, Horizon Bus, Inc., which is now operating out of the same location as Horizon Coach.

16. According to D'Alessio, Boyle is paid the sum of $600.00 per week but does not run the business.

17. D'Alessio previously testified he runs and manages the business as he ran and managed Horizon Coach.

18. In or around February, 2004, D'Alessio, without compliance with New York Law, transferred the business assets of Horizon Coach (the "Business Transfer") to the Defendant Neil Boyle based upon a "handshake agreement"

19. Contrary to his testimony, D'Alessio did not transfer ownership of eleven motor vehicles to Horizon Bus.

20. Neil Boyle gave no consideration in exchange for the Business Transfer.

21. According to its tax return for 2004, Horizon Coach had gross income of $1,864,920.00 and was indebted to creditors.

22. Boyle then took possession of and/or the use of all of the assets of Horizon Coach (the "Business Assets") to start his own bus company, Horizon Bus.

23 Horizon Bus operates out of the same location as Horizon Coach did at 991 Station Road, Bellport, New York. All of the services rendered are billed out under Horizon Bus.

**FIRST CAUSE OF ACTION - ALTER-EGO**
**HORIZON COACH WAS AN ALTER EGO OF THE DEBTORS**

24. The Plaintiff restates the allegations contained in paragraphs 1 through 23 of the Complaint as if each were more fully set forth herein.

25. D'Alessio disregarded corporate formalities in its complete dominion and control over Horizon Coach.

26. Horizon Coach was under-capitalized.

27. D'Alessio utilized Horizon Coach to enrich themselves and Boyle.

28. The transactions set forth above proximately caused injury to the Debtors' creditors.

29. By virtue of the foregoing, the Trustee requests a judgment declaring that Horizon Coach was an alter ego of D'Alessio.

### SECOND CAUSE OF ACTION - ALTER-EGO
### HORIZON BUS IS AND WAS AN ALTER EGO OF THE DEBTORS

30. The Plaintiff restates the allegations contained in paragraphs 1 through 29 of the Complaint as if each were more fully set forth herein.

31. Horizon Coach and Horizon Bus disregarded corporate formalities.

32. Horizon Bus is dominated and controlled by D'Alessio, who is the alter-ego of Horizon Coach .

33. Horizon Bus is under-capitalized.

34. Horizon Bus utilizes motor vehicles owned by Horizon Coach.

35. Horizon Bus does not have a separate identity from Horizon Coach or D'Alessio.

36. The transactions set forth above proximately caused injury to the Debtors' creditors.

37. By virtue of the foregoing, the Trustee requests a judgment declaring that Horizon Bus is an alter ego of Horizon Coach and D'Alessio.

### THIRD CAUSE OF ACTION - EQUITABLE INTEREST
### THE TRUSTEE HAS AN EQUITABLE LIEN ON ALL THE ASSETS
### OF THE BUSINESS PURSUANT TO NEW YORK COMMON LAW

38. The Plaintiff restates the allegations contained in paragraphs 1 through 37 of the Complaint as if each were more fully set forth herein.

39. The Debtor transferred assets to Horizon Bus for no consideration.

40. The transfer was made pursuant to an express or implied promise between Boyle and the Debtor that the Debtor could utilize those assets for his own personal benefit.

41. The transactions set forth above proximately caused injury to the Debtors' creditors.

42. By virtue of the foregoing, the Plaintiff is entitled to judgment declaring that the Plaintiff has an equitable lien in the Business Assets.

### FOURTH CAUSE OF ACTION AGAINST NEIL BOYLE
### (UNJUST ENRICHMENT AND TURNOVER)

43. The Plaintiff restates the allegations contained in paragraphs 1 through 42 of the Complaint as if each were more fully set forth herein.

44. Under the foregoing circumstances, the Defendant Neil Boyle has been unjustly enriched by the Business Transfer.

45. By reason of the foregoing, the Plaintiff is entitled to judgment in an amount to be determined by the Court.

**FIFTH CAUSE OF ACTION -**
**DECLARATORY JUDGMENT THAT THE BUSINESS ASSETS**
**ARE PROPERTY OF THE DEBTOR'S BANKRUPTCY ESTATE,**
**AND TURNOVER OF THE BUSINESS ASSETS TO THE TRUSTEE**

46. The Plaintiff restates the allegations contained in paragraphs 1 through 45 of the Complaint as if each were more fully set forth herein.

47. The Business Assets are owned by Horizon Coach.

48. Horizon Coach is the alter ego of D'Alessio.

49. As a result, the Business Assets are property of the Debtors' bankruptcy estate.

50. By virtue of the foregoing, the Trustee is entitled to judgment declaring that the Business Assets are property of the Debtors' bankruptcy estate and directing the turnover of those assets to the Trustee.

**SIXTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(11 U.S.C. §§544(b) and 550(a)(1) and DCL § 273)**
**(FRAUDULENT CONVEYANCE)**

51. The Plaintiff restates the allegations contained in paragraphs 1 through 50 of the Complaint as if each were more fully set forth herein.

52. The Business Transfer constituted a "conveyance", as that term is defined in DCL § 270, of all of the Debtors' right, title and interest in and to the Business Assets.

53. At the time of the Business Transfer D'Alessio was insolvent, or D'Alessio was rendered insolvent as a result of the Business Transfer.

54. D'Alessio did not receive fair consideration for the Business Transfer.

55. The Business Transfer constitutes a fraudulent conveyance in violation of DCL § 273.

56. Under Bankruptcy Code §§544(b), and 550, and DCL§273, the Trustee may avoid the Business Transfer.

57. Accordingly, the Trustee is entitled to judgment against the Defendants,

recovering the Debtors' interest in the Business Transfer, together with interest and such other fees and costs as may be determined by the Court.

### SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANT
### (11 U.S.C. §§ 544(b) and 550(a)(1) and DCL § 274)
### (FRAUDULENT CONVEYANCE)

58. The Plaintiff restates the allegations contained in paragraphs 1 through 57 of the Complaint as if each were more fully set forth herein.

59. At the time of the Business Transfer, D'Alessio was engaged in a business or transaction for which the property remaining in his hands after the conveyance was an unreasonably small amount of capital.

60. D'Alessio did not receive fair consideration from the Defendant for the Business Transfer.

61. The Business Transfer constitutes a fraudulent conveyance of D'Alessio's assets in violation of DCL §274.

62. Under Bankruptcy Code §§544(b), and 550, and DCL §274, the Trustee may avoid the Business Transfer.

63. Accordingly, the Trustee is entitled to judgment against the Defendant, Neil Boyle, recovering the Business Transfer for the benefit of the Estate, together with interest and such other fees and costs as may be determined by the Court.

### EIGHTH CAUSE OF ACTION AGAINST THE DEFENDANTS
### (11 U.S.C. §§ 544(b) and 550(a)(1) and DCL § 275)
### (FRAUDULENT CONVEYANCE)

64. The Plaintiff restates the allegations contained in paragraphs 1 through 63 of the Complaint as if each were more fully set forth herein.

65. At the time of the Business Transfer, D'Alessio had incurred, or was intending to incur, debts beyond his ability to pay them as they became due.

66. D'Alessio did not receive fair consideration from the Defendants for the Business Transfer.

67. The Business Transfer constitutes a fraudulent conveyance of D'Alessio's assets in violation of DCL §275.

68. Under Bankruptcy Code §§544(b) and 550, and DCL §275, the Trustee may avoid the Business Transfer.

69. Accordingly, the Trustee is entitled to judgment against the Defendants, recovering the Debtors' interest in the Business Transfer or the value thereof for the benefit of the Estate, together with interest and such other fees and costs as may be determined by the Court.

### NINTH CAUSE OF ACTION AGAINST THE DEFENDANTS
### (11 U.S.C. §§ 544(b) and 550(a)(1) and DCL § 276)
### (FRAUDULENT CONVEYANCE)

70. The Plaintiff restates the allegations contained in paragraphs 1 through 69 of the Complaint as if each were more fully set forth herein.

71. The Business Transfer was made with the actual intent to hinder, delay, or defraud present or future creditors in violation of DCL § 276.

72. Under the Bankruptcy Code §§ 544(b) and 550, and DCL § 276, the Trustee may avoid the Business Transfer.

73. Accordingly, the Trustee is entitled to judgment against the Defendants, recovering the Debtors' interest in the Business Transfer or the value thereof for the benefit of the Estate, together with interest and such other fees and costs as may be determined by the Court.

### TENTH CAUSE OFACTION AGAINST THE DEFENDANTS
### (DCL § 276-a)
### (ATTORNEYS FEES)

74.     The Plaintiff restates the allegations contained in paragraphs 1 through 73 of the Complaint as if each were more fully set forth herein.

75.     The Business Transfer constitutes a fraudulent conveyance of D'Alessio's assets in violation of DCL § 276 as the Defendant received the transfer of Business Assets with the actual intent to hinder, delay or defraud present or future creditors.

76.     Accordingly, the Plaintiff is entitled to a judgment against the Defendant, under DCL §276-a, for reasonable attorneys fees in an amount to be determined by the Court in connection with the prosecution of this action.

**WHEREFORE**, the Trustee demands judgment against the Defendants s as follows:

1. On the First Cause of Action, against Horizon Coach, a declaratory judgment that Horizon Coach is the alter-ego of D'Alessio

2. On the Second Cause of Action, against Horizon Bus, a declaratory judgment that Horizon Bus is the alter-ego of Horizon Coach and D'Alessio.

3. On the Third Cause of Action, against Horizon Bus, a declaratory judgment declaring that the Debtors' bankruptcy estate has an equitable lien on the Business' Asset.

4. On the Fourth Cause of Action, against Neil Boyle, a judgment in an amount to be determined by the Court.

5. On the Fifth Cause of Action, against Boyle, Horizon Bus and Horizon Coach, a declaratory judgment declaring that the Business Assets are property of the Debtors' bankruptcy estate, and directing the turnover of those assets to the Trustee.

6. On the Sixth Cause of Action, against Boyle and Horizon Bus, judgment against Boyle and Horizon Bus, voiding the Business Transfer and recovering the Debtors' interest in the Business Assets, together with interest and such other fees and costs as may be determined by the Court.

7. On the Seventh Cause of Action, against Boyle and Horizon Bus, judgment against Boyle and Horizon Bus, avoiding the Business Transfer and recovering the Debtors' interest in the Business Asset for the benefit of the bankruptcy estate, together with interest and such other fees and costs as may be determined by the Court.

8. On the Eighth Cause of Action, against Boyle and Horizon Bus, judgment against Boyle and Horizon Bus, voiding the Business Transfer and recovering the Debtors' interest in the Business Asset for the benefit of the bankruptcy estate, together with interest and

      such other fees and costs as may be determined by the Court.

9. On the Ninth Cause of Action, against Boyle and Horizon Bus, judgment against Boyle and Horizon Bus, voiding the Business Transfer and recovering the Debtors' interest in the Business Assets for the benefit of the bankruptcy estate, together with interest and such other fees and costs as may be determined by the Court.

10. On the Tenth Cause of Action, against Boyle and Horizon Bus, reasonable attorneys fees in an amount to be determined by the Court.

11. On all Causes of Action, such other and further relief as to this Court appears just and proper.

Dated: Westbury, New York ed
       May 21, 2010

                         PRYOR & MANDELUP, L.L.P.
                         Attorneys for Plaintiff
                         Trustee Robert L. Pryor

By:    ***/s/ John H. Hall, Jr.***
              John H. Hall, Jr.
        675 Old Country Road
        Westbury, New York 11590
        (516) 997-0999